UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>Uwagboe O. Oru-Lawrence<br><br>                Debtor. | Chapter 7<br>Case No. 13-17250-MSH |

CHAPTER 7 TRUSTEE'S OBJECTIONS TO CLAIMS 2 (CITY OF BOSTON),
3 (CSC LOGIC), 5 (MONICA LONG)  7 (ORLANDO STREET NOTE PURCHASER LLC)
10, 11, 12 (JPMORGAN CHASE BANK, NA)
14 (BOSTON WATER & SEWER COMMISSION), 21 (ROBERT RUSSO) AND 23 (LUIS VELASQUEZ)

Joseph G. Butler, the duly appointed chapter 7 trustee (the "Trustee") of the estate of Uwagboe O. Oru-Lawrence (the "Debtor"), hereby objects to claims 2, 3, 7, 10, 11, 12, 14, 21 and 24 on the Court's claims register, filed by the City of Boston, CSC Logic, Monica Long, Orlando Street Note Purchaser LLC, JPMorgan Chase Bank, NA, Boston Water & Sewer Commission, Robert Russo and Luis Velasquez, respectively. As grounds for his objection the Trustee states as follows:

1.      On December 19, 2013, (the "Petition Date") Uwagboe O. Oru-Lawrence (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. §§1101, et. seq.) (the "Bankruptcy Code").

2.      The Court, on July 6, 2013, ordered that a chapter 11 trustee be appointed and on July 6, 2013, Joseph G. Butler was appointed as the chapter 11 Trustee.

3.      On December 2, 2016, the case was converted to a case under Chapter 7 and on December 6, 2016, Joseph G. Butler was appointed as the Chapter 7 trustee.

4.      The claims bar date in this case passed on March 7, 2017.

5.     The assets of the estate consisted of, in part, property of the estate known and

numbered as 25 Orlando Street, Boston, Massachusetts, 31-35 Orlando Street, Boston,

Massachusetts, 91-93 Waldeck Street, Boston, Massachusetts, 95-97 Waldeck Street, Boston,

Massachusets, 99-101 Waldeck Street, Boston, Massachusetts, 40 Harding Road (aka 570-572R

Hyde Park Avenue), Boston, Massachusetts, 8 Marcy Road, Boston, Massachusetts and 12

Weathervane Road, Canton, Massachusetts (the "Real Property").

6.     On August 26 2016, certain of the tenants at the Orlando and Waldeck Street

properties filed a Request for Allowance and Payment of Administrative Expense Claims wherein

27 tenants sought the allowance of an administrative expense claim in the amount of

$2,068,067.00 based upon alleged breaches of the implied warranty of habitability, breaches of

quiet enjoyment, violations of Massachusetts statutes concerning security deposits, retaliation

claims, claims of intentional infliction of emotional distress and violations of M.G.L. ch 93A.

7.     On October 7, 2016, the Court entered an order authorizing a sale by the Chapter 11

Trustee of the Orlando Street and Waldeck Street properties to the Codman Square Neighborhood

Development Corporation and, on October 27, 2016, the Orlando Street and Waldeck Street

properties  were transferred to Codman Square Neighborhood Development Corporation.

8.     Part of the successful bid by Codman Square Neigborhood Development Corporation

was a representation that the tenants' Request for Allowance and Payment of Administrative

Expense Claims would be withdrawn.  On November 10, 2016, the claims were withdrawn.

9.     On February 28, 2017, the Court entered an order authorizing a sale by the Trustee

of the Harding Road property to S-8 Marcy Road Realty Trust and on August 30, 2017, the

Marcy Road Property was transferred to Quantum Hedge, LLC.

10.    On August 7, 2017, the Court entered an order authorizing a sale by the Trustee of the Marcy Road property to Alex Burk or his nominee and on March 31, 2017, the Harding Road Property was transferred to Stamatos Family Properties, LLC as Trustee of S-8 Marcy Road Realty Trust.

### CLAIM 2 (CITY OF BOSTON)

11.    On January 15, 2014, the City of Boston filed a proof of claim (Claim no. 2 on the Court's claims register).

12.    Claim No. 2 was filed in the amount of $14,329.97.  The claim indicates that the basis for the claim was "real estate taxes."  Claim no. 2 asserts that the claim was a secured claim in the amount of $14,329.97.  The claim states that the "nature of property [on which the claimant asserts a lien] or right of setoff" is "real property" and that the basis for the perfection of the lien is "M.G.L. ch 60."

13.    From the exhibits attached to the claim, it appears that the real estate taxes were taxes assessed against the Orlando Street properties.

14.    On or about October 27, 2016, the City of Boston was paid the sum of $42,508.05 from the proceeds of the sale of the Orlando and Waldeck Street properties.  The $42,508.05 payment of all real estate taxes assessed against the Orlando and Waldeck Street properties, including the amounts included in claim no. 2.

15.    Where the City of Boson's claim no. 2 was paid in full during the Chapter 11 phase of the case, the Trustee objects to claim no. 2 and requests that the Court sustain his objection and order that Claim no. 2 is not entitled to any further distribution from the estate.

### CLAIM 3 (CSC LOGIC)

16.    On February 7, 2014, Brookline Bank filed a proof of claim (Claim no. 3 on the

Court's claims register).  On or about April 17, 2015, Claim no. 3 was transferred by Brookline

Bank to CSC Logic.

17.    Claim No. 3 was filed in the amount of $6,055.86.  The claim indicates that the basis

for the claim was a "retail installment contract."  Claim no. 3 asserts that the claim was a secured

claim in the amount of $6,055.86.  The claim states that the "nature of property [on which the

claimant asserts a lien] or right of setoff" was a "2008 Camry."

18.    The Debtor's schedule B filed on January 28, 2014, stated that the Debtor was the

owner of a 2008 Camry with an estimated value as of the petition date of $8000.  Schedule C

stated that the Debtor was claiming an exemption in the 2008 Camry in the amount of $1679.00.

Schedule D stated that Brookline Bank was the holder of a claim in the amount of $6321, secured

by the 2008 Toyota Camry.

19.    The Trustee has not liquidated the 2008 Toyota Camry and intends to formally

abandon the vehicle when the case is closed.

20.    Upon information and belief, Claim no. 3 has been paid by either the Debtor or a third

party on his behalf.

21.    The Trustee therefore objects to Claim no 3 and asks that his objection be sustained

and that the claim be disallowed.

### CLAIM 5 (MONICA LONG)

22.    On March 3, 2014, Monica Long filed a proof of claim (Claim no. 5 on the

Court's claims register).

23.     Claim No. 5 was filed as a general unsecured claim.  The claims states "see attachments for notice pleadings – no liquidated damages" and no amount is stated being owed.

24.     The pleading attached is the answer and counterclaim filed by Monica Long in the matter of UWA Lawrence v. Monica Long in the Boston Housuing Court.  The pleading is dated November 20, 2012, and states that Monica Long for some period of time occupied a unit at 99 Waldeck Street, Dorchester, Massachusetts.

25.     The counterclaims in the pleading allege a breach of impled warranty of habitability, interference with quiet enjoyment of the premises, interference with utilities, retaliation, intention infliction of emotional distress and violations of M.G.L. Ch 93A.

26.     Where neither the claim nor the attachments to the claim state an amount that is owed the Trustee objects to the allowance of claim no. 5 and asks the Court to sustain his objection and disallow Claim no. 5.

## CLAIM 7 (ORLANDO STREET NOTE PURCHASER LLC)

27.     On March 12, 2014, Spring Hill Partners IV LLC filed a proof of claim (Claim no. 7 on the Court's claims register).  On or about September 22, 2016, Claim no. 7 was transferred by Spring Hill Partners IV LLC to Orlando Street Note Purchaser LLC.

28.     Claim No. 7 was filed in the amount of $1,873,733.69.  The claim indicates that the basis for the claim was a "secured loan."  Claim no. 7 asserts that the claim was a secured claim in the amount of $1873733.69.  The claim states that the "nature of property [on which the claimant asserts a lien] or right of setoff" was a "real estate."

29.     Spring Hill Partners IV LLC was, as of the Petition Date, the holder, by assignment, of a mortgage on the Orlando Street Properties from the Debtor to Washington Mutual Bank.

30.     On or about October 27, 2016, the Orlando Street Note Purchaser LLC was paid the sum of $2,663,593.54 from the proceeds of the sale of the Orlando Street properties.  The $2,663,593.54 was payment in full of Claim no. 7.

31.     Where Claim no. 7 was paid in full during the Chapter 11 phase of the case, the Trustee objects to claim no. 7 and requests that the Court sustain his objection and order that Claim no. 7 is not entitled to receive any further distribution from the Estate.

### CLAIMS 10, 11, 12 (JPMORGAN CHASE BANK, NA)

32.   On March 36, 2014, JPMorgan Chase Bank, NA filed 3 proofs of claim (Claim nos. 10, 11 and 12 on the Court's claims register).

33.   Claim No. 10 was filed in the amount of $451,202.62.  The claim indicates that the basis for the claim was a "money loaned."  Claim no. 10 asserts that the claim was a secured claim in the amount of $451,202.62.  The claim states that the "nature of property [on which the claimant asserts a lien] or right of setoff" was "real estate."  The attachment to the claim includes a copy of a mortgage encumbering the property at 91-93 Waldeck Street.

34.   Claim No. 11 was filed in the amount of $448,009.14.  The claim indicates that the basis for the claim was a "money loaned."  Claim no. 10 asserts that the claim was a secured claim in the amount of $448,009.14.  The claim states that the "nature of property [on which the claimant asserts a lien] or right of setoff" was "real estate."  The attachment to the claim includes a copy of a mortgage encumbering the property at 99-101 Waldeck Street.

35.   Claim No. 12 was filed in the amount of $512,206.28.  The claim indicates that the basis for the claim was a "money loaned."  Claim no. 12 asserts that the claim was a secured claim in the amount of $512,206.2814.  The claim states that the "nature of property [on which

the claimant asserts a lien] or right of setoff" was "real estate." The attachment to the claim

includes a copy of a mortgage encumbering the property at 95-97 Waldeck Street.

36. On or about October 27, 2016, the JPMorgan Chase Bank, NA was paid the sum of

$1,516,020.98 from the proceeds of the sale of the Waldeck Street properties. The

$$1,516,020.98 was payment in full of Claim nos. 10, 11 and 12.

37. Where Claim nos. 10, 11 and 12 were paid in full during the Chapter 11 phase of the

case, the Trustee objects to claim nos. 10, 11 and 12 and requests that the Court sustain his

objection and order that claim nos. 10, 11 and 12 are not entitled to receive any further

distribution from the Estate.

## CLAIM 14 (BOSTON WATER & SEWER COMMISSION)

38. On April 25, 2014, the Boston Water & Sewer Commission filed a proof of claim

(Claim no. 14 on the Court's claims register).

39. Claim No. 14 was filed in the amount of $18571.78. The claim indicates that the basis

for the claim was "water and sewer." Claim no. 14 asserts that the claim was a secured claim in

the amount of $18571.78.

40. From the exhibits attached to the claim, it appears that the water and sewer liens were

assessed against the Orlando Street, Waldeck Street, Harding Road and Marcy Road properties.

41. On or about October 27, 2016, the Boston Water and Sewer Commission was paid

the sum of $68,944.47 from the proceeds of the sale of the Orlando and Waldeck Street

properties.   On or about March 31 2017, the Boston Water and Sewer Commission was paid the

sum of $3413.33 from the proceeds of the sale of the Harding Road property.  On or about

August 31, 2017, the Boston Water and Sewer Commission was paid the sum of $2046.62 from

the proceeds of the sale of the Marcy Road property.   The sums paid to the Boston Water &

Sewer Commission from proceeds of the sales of the Orlando Street, Waldeck Street, Harding

road and Marcy Road, represent payment in full of its claim.

42. Where the Boston Water & Sewer Commission's claim no. 14 has been paid in full,

the Trustee objects to claim no. 14 and requests that the Court sustain his objection and order that

claim no. 14 is not entitled to receive any further distribution from the Estate.

### CLAIM NO. 21 (ROBERT RUSSO)

43. On March 6, 2017, the Robert Russo filed a proof of claim (Claim no. 21 on the

Court's claims register).

44. Claim No. 21 was filed as a secured claim in the amount of $32,320.40.   The claim

indicates that the basis for the claim was "legal services performed."  Claim no. 21 asserts that the

claim is secured by the real property at 570 Hyde Park Avenue (aka 40 Harding Road) and that

the basis for the perfection of the claim was a recorded lien.

45. Robert Russo recorded, on August 11, 2008, as document no. 755377 on Certificate of

Title no. 113748 in the Registered Land Section of the Suffolk County Registry of Deeds a

document entitled "Lien for Attorneys Fees" in which he asserted that in filing that document, he

was "establish[ing] his lien for an attorney's fees, in accordance with M.G.L.A. chapter 221,

section 50," that he had been retained by the Debtor to represent the Debtor in three separate

summary process actions in the Boston Housing Court, that the value of his services was

$16,490.00 and that he claimed the "right" to have a lien for his "reasonable fees and expenses

established and enforced upon the sale, transfer, or encumbrance of defendant's property located

at 570 Hyde Park Avenue and 40 Harding Road, Boston, Suffolk, County, MA."  The document

was not signed by the Debtor and not issued by any Court.

46. Certificate of Title No. 113748 included the deed to and encumbrances on property formerly owned by the Debtor known and numbered as 25 Orlando Street, Boston, Massachusetts.

47. M.G.L. ch 221, section 50 states

> From the authorized commencement of an action, counterclaim or other proceeding in any court, or appearance in any proceeding before any state or federal department, board or commission, *the attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses upon his client's cause of action, counterclaim or claim, upon the judgment, decree or other order in his client's favor entered or made in such proceeding, and upon the proceeds derived therefrom.* Upon request of the client or of the attorney, the court in which the proceeding is pending or, if the proceeding is not pending in a court, the superior court, may determine and enforce the lien; provided, that the provisions of this sentence shall not apply to any case where the method of the determination of attorneys' fees is otherwise expressly provided by statute. [emphasis added]

48. Any lien that Robert Russo may have had for the value of his services rendered in the three summary process actions in the Boston Housing Court in which he represented the Debtor was "upon the judgment, decree or other order in his client's favor entered or made in such proceeding, and upon the proceeds derived therefrom."

49. Robert Russo did not not have a valid perfected lien on the real property of the Estate and therefore does not have a lien on the proceeds of the sales of the Real Property.

50. The Trustee therefore objects to the categorization of claim no. 21 and asks that the Court sustain his objection and allow claim no 21 as a non-priority general unsecured claim in the amount of $32,320.40.

**Claim 23 Luis Velasquez**

51.  On March 7, 2017, Luis Velasquez filed a proof of claim (Claim no. 23 on the

Court's claims register).

52. Claim No. 23 was filed in the amount of $359,319.87.  The claim indicates that the

basis for the claim was "Damages for breach of implied warranty of habitability, 93A, et al."

Claim no. 23 asserts that it is a priority claim, but no specific priority is asserted in the proof of

claim.

53.  On March 7, 2017, Luis Velasquez filed a Request for Allowance and Payment of

Administrative Expenses Pursuant to 11 U.S.C. §503(b) wherein he asserted that his claim has

priority as a chapter 11 administrative expense claim.

54. The Request states that Luis Velasquez was a tenant at the property at 101 Waldeck

Street from the Petition Date through the date that the property was transferred to Codman Square

Neighborhood Development Corporation and alleges that the Debtor breached contractual,

statutory and common law obligations owed to Luis Velasquez, including interference with

Velasquez right to quiet enjoyment, interference with utility service in violation of M.G.L. Ch.

186, §14, breach of contract, breach of the common law implied warranty of habitability, ,

violation of M.G.L. Ch. 93A, retaliation, in violation of M.G.L. Ch 186, §15B, vilation of the

security deposit and last month's rent law and negligent and intentional infliction of emotional

disress, negligence, fraud, and discrimination in violation of M.G.L. ch. 151B, §4 and that

Velasquez suffered damages of $359,319.87.

55.  Exhibit 2 to the Request, which the Request describes as "a damages spreadsheet",

states  that "Abatement/Diminution in Value"  based upon the alleged breaches by the Debtor is

equal to 100% of the rental amount for thirty six months.  It appears that Velasquez claims that there was no value at all for the housing provided by the Debtor/Estate for the entire period from December 19, 2013 (the Petition Date) through December 201t6 (the property at 101 Waldeck Street where Mr. Velasquez unit was located was sold by the estate on October 28, 2016).

56.    It appears that Velasquez is asserting that the implied warranty of habitability was breached by the Debtor or the estate on the Petition date and that the Debtor and the Estate remained in breach for each month from the Petition Date to the date that the Waldeck Street property was sold. The Trustee denies that the implied warranty of habitability was breached for every month from December 19, 2013 through October 28, 2016 to such an extent that there was no value for the housing provided to Velasquez for the entire period.

57. Exhibit 2 states that Velasquez is, in each instance, entitled to a "93A Multiplier" of 3 times the amount of the alleged damages for the alleged breaches of the implied warranty of habitability,  the alleged "Utilities Violations", the alleged "retaliation",  an alleged "security deposit and LMR" violation, interest on the alleged security deposit, and "emotional distress" allegedly inflicted upon Velasquez.   The Trustee denies that, each and every alleged breach of the implied warranty of habitability, alleged Utilities Violation, alleged retaliation and the alleged infliction of emotional distress rises to the level of a violation of M.G.L.Ch. 93A.

58.    Exhibit 2 states that the damages for emotional distress suffered by Luis Velasquez total $75,000.00.  The Trustee is without sufficient knowledge to either admit or deny that the damages for emotional distress suffered by Luis Velasquez total $75,000.00 and calls on Velasquez to prove them.

59.    The Trustee therefore objects to Claim no. 24 and asks that the Court sustain his

objection and allow Claim no. 24 in such lesser amounts as Luis Velasquez is able to establish

after an evidentiary hearing.

<div style="margin-left: 40%;">

Joseph G. Butler, chapter 7 trustee of the
Estate of Uwagboe O. Oru-Lawrence,

By his attorneys,

</div>

Dated: April 10, 2018

<div style="margin-left: 40%;">

/s/Joseph G. Butler
Joseph G. Butler, Esq. (BBO# 544284)
Law Office of Joseph G. Butler
355 Providence Highway
Westwood, MA 02090
(781) 636 3638
JGB@jgbutlerlaw.com

</div>

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

Uwagboe O. Oru-Lawrence

Chapter 11
Case No. 13-17250-MSH

Debtor.

CERTIFICATE OF SERVICE

I, Joseph G. Butler, do hereby certify that on April 10, 2018, I served a copy of the Chapter

7 Trustee's Objection to Claims 2 (City of Boston), 3 (CSC Logic), 5 (Monica Long)  7 (Orlando

Street Note Purchaser LLC), 10, 11, 12 (JPMorgan Chase Bank, NA). 14 (Boston Water & Sewer

Commission), 21 (Robert Russo) and 23 (Luis Velasquez) on the persons on the attached service

list by mailing a copy of the same by first class mail, postage prepaid or as otherwise indicated.

Signed under the penalties of perjury, April 10, 2018.            .

/s/ Joseph G. Butler
Joseph G. Butler

Service List
Uwagboe O. Oru-Lawrence
Chapter 7, Case No. 13-17250

Via ECF

- Stephanie E. Babin   sbabin@orlans.com,
  ANHSOM@4stechnologies.com;bankruptcyNE@orlans.com;sbabinECF@gmail.com
- Paula R.C. Bachtell   paula.bachtell@usdoj.gov
- Eric K. Bradford   Eric.K.Bradford@USDOJ.gov
- Timothy J Carter   tcarter@goulstonstorrs.com
- David B. Chaffin   chaffind@whiteandwilliams.com, dillmanb@whiteandwilliams.com
- Edward Coburn   Edward.Coburn@Boston.gov
- Ronald W. Dunbar   dunbar@dunbarlawpc.com
- Rachel Eisenhaure   eisenhaurer@whiteandwilliams.com
- John Fitzgerald   USTPRegion01.BO.ECF@USDOJ.GOV
- Jason Giguere   mabk@harmonlaw.com, jgiguere@ecf.courtdrive.com
- Gary M. Hogan   garyh@bbb-lawfirm.com, amym@bbb-lawfirm.com;lisak@bbb-
  lawfirm.com;kimberlyk@bbb-lawfirm.com
- John Houton   John.Houton@cityofboston.gov
- Joshua Krefetz   joshua@krefetzlaw.com
- Kimberly Kroha   KimberlyK@bbb-lawfirm.com
- David B. Madoff   madoff@mandkllp.com, alston@mandkllp.com
- Timothy M. Mauser   tmauser@mauserlaw.com
- Matthew J. McGowan   mmcgowan@smsllaw.com, tfrench@smsllaw.com
- David Merritt   dmerritt@bg-llp.com
- Richard T. Mulligan   mabk@harmonlaw.com, rmulligan@ecf.courtdrive.com
- Thomas M. Pinney   pinneyt@whiteandwilliams.com
- Marcus Pratt   bankruptcy@KORDEASSOC.COM
- Edward Rice   ed@edricelaw.com
- Kirk P. Rothemich   rothemichlaw@aol.com
- Robert Sable   rsable@gbls.org, sablerr46146@notify.bestcase.com
- Jacob T. Simon   jacob@simonlawma.com, jacobtsimon@gmail.com
- James Southard   bankruptcy@orlansmoran.com, ANHSOM@4stechnologies.com
- Andrew M. Troop   andrew.troop@pillsburylaw.com,
  matthew.oliver@pillsburylaw.com;dina.yavich@pillsburylaw.com;nydocket@pillsburyla
  w.com
- James F. Wallack   jwallack@goulstonstorrs.com
- Steven R. Whitman   swhitman@whitmanlaw.com

Via First Class Mail

Internal Revenue Service                     PO Box 7346
Centralized Insolvency Operations            Philadelphia, PA 19101-7346

Massachusetts Department of Revenue
Bankruptcy Unit
P.O. Box 9564
Boston, MA 02114-9564

CITY OF BOSTON TREASURY
DEPARTMENT
BANKRUPTCY COORDINATOR
BOSTON CITY HALL ROOM M-5
ONE CITY HALL SQUARE
BOSTON, MA 02201

CSC Logic
PO Box 1518
Coppell, TX 75019

Monica Long
99 Waldeck Street, #1
Dorchester, MA 02124

Orlando Street Note Purchaser LLC
132 Lincoln Street
Boston, MA 02111

JPMorgan Chase Bank, N.A.
c/o White & Williams LLP

1650 Market Street, Suite 1800
Philadelphia, PA 19103

Boston Water and Sewer Commission
(BWCS)
Jorge A. Porras, Esq.
BWCS 980 Harrison Avenue
Boston, MA 02119

Robert Russo, Esq.
Russo & Scolnick
Two Oliver Street
4th Floor
Boston, Massachusetts 02109

Luis Velasquez
101 Waldeck Street 2F
Boston MA 02124

Uwagboe O. Oru-Lawrence
35 Orlando Street, Unit 6
Mattapan, MA 02126-1771