UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>Uwagboe O. Oru-Lawrence<br><br>                  Debtor. | Chapter 7<br>Case No. 13-17250-MSH |

**STIPULATION BY AND BETWEEN JOSEPH G. BUTLER AS CHAPTER 7 TRUSTEE AND LUIS VELASQUEZ RE; TRUSTEE'OBJECTIONS TO CLAIM AND <u>REQUEST FOR PAYMENT OF CHAPTER 11 ADMINISTRATIVE EXPENSE</u>**

THIS STIPULATION is made as of the 8th day of May, 2018, by and between Joseph G. Butler as Chapter 7 Trustee (the "Trustee") of the Estate of Uwagboe O. Oru-Lawrence and Luis Velasquez ("Velasquez").

**<u>Background</u>**

WHEREAS, on December 19, 2013, (the "Petition Date"), Uwagboe O. Oru-Lawrence (the "Debtor") filed a voluntary petition seeking relief under chapter 11 of the United States Bankruptcy Code (11 U.S.C. §§101, <u>et</u>. <u>seq</u>.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts (the "Court").

WHEREAS, the Court, on July 6, 2013, ordered that a chapter 11 trustee be appointed and on July 6, 2013, Joseph G. Butler was appointed as the chapter 11 Trustee.

WHEREAS, on December 2, 2016, the case was converted to a case under Chapter 7 and on December 6, 2016, Joseph G. Butler was appointed as the Chapter 7 trustee

WHEREAS, the assets of the estate consisted of, in part, property of the estate known and numbered as 101 Waldeck Street, Boston, Massachusetts ("101 Waldeck Street").

WHEREAS, on October 7, 2016, the Court entered an order authorizing a sale by the Chapter 11 Trustee of certain real property, including 101 Waldeck Street, to the Codman Square

Neighborhood Development Corporation and, on October 27, 2016, the real property, including 101 Waldeck Street, was transferred to Codman Square Neighborhood Development Corporation.

WHEREAS, on March 7, 2017, Velasquez filed a proof of claim (Claim no. 23 on the Court's claims register)(the "Velasquez Claim").

WHEREAS, on March 7, 2017, Velasquez filed a Request for Allowance and Payment of Administrative Expenses Pursuant to 11 U.S.C. §503(b).

WHEREAS, on March 31, 2017, the Trustee filed an objection to Velasquez' Request for Allowance and Payment of Administrative Expenses.

WHEREAS, on April 12, 2018, the Trustee filed an objection to the Velasquez Claim.

WHEREAS, Velasquez was a tenant at 101 Waldeck Street from the Petition Date through the date that the property was transferred to Codman Square Neighborhood Development Corporation.

WHEREAS, in the Claim and the Request for Allowance and Payment of Administrative Expenses Velasquez alleges that from the Petition Date through the date 101 Waldeck Street was transferred, the Debtor breached contractual, statutory and common law obligations owed to Velasquez, including interference with Velasquez right to quiet enjoyment, interference with utility service in violation of M.G.L. Ch. 186, §14, breach of contract, breach of the common law implied warranty of habitability, violations of M.G.L. Ch. 93A, retaliation, in violation of M.G.L. Ch 186, §15B, violation of the security deposit and last month's rent law and negligent and intentional infliction of emotional distress, negligence, fraud, and discrimination in violation of M.G.L. ch. 151B, §4 and that Velasquez suffered damages of $359,319.87.

WHEREAS, Velasquez asserts that his claim, in the amount of $359,319.87, has chapter 11 administrative expense status.

WHEREAS, in his objections to Velasquez claim and Request for Allowance and Payment of Administrative Expenses the Trustee questions Velasquez calculations of the amount of damages that he allegedly suffered based upon the Debtor's various alleged violations and bad acts.

WHEREAS, the Trustee and Velasquez each wish to avoid the risk and the cost that would be incurred by the chapter 7 estate and Velasquez if they were to litigate the Trustee's Objections to Velasquez claim and Request for Allowance and Payment of Administrative Expenses.

**NOW THEREFORE**, with the foregoing recitals incorporated by reference and made a part hereof, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and in consideration of the promises hereto and the agreements herein each of the Trustee and Velasquez hereby agree, subject to the approval of the United States Bankruptcy Court in this case, as follows:

1. The Court has core jurisdiction over this bankruptcy case, and the parties affected by this Stipulation and Order pursuant to 28 U.S.C. §§ 157(b) and 1334, and venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Good and sufficient cause exists for the entry of this Stipulation and Order..

3. Upon entry of a final, non-appealable order approving the compromise set forth herein, Velasquez shall be deemed to have an allowed chapter 11 administrative priority claim in the amount of $130,000.

4. Upon entry of a final, non-appealable order approving the compromise set forth herein, Velasquez shall be deemed to have waived any and all other claims that he may have against the Debtor or the Estate arising out of or related to his tenancy at 101 Waldeck Street.

5. Upon entry of a final, non-appealable order approving the compromise set forth herein, the Chapter 7 Estate of Uwagboe O. Oru-Lawrence shall be deemed to have waived any and all claims that it may have against Velasquez arising out of or related to his tenancy at 101 Waldeck Street.

6. Time shall be of the essence of all provisions of this Stipulation.

7. The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and to resolve all controversies and disputes among the parties hereto in connection with the interpretation and performance of this Stipulation or otherwise arising from or concerning this Stipulation.

8. Each of the parties hereto represents and warrants that they (i) have received independent legal advice with respect to entering into this Stipulation; (ii) have not relied upon any statement, representation, omission, inducement or promise of any party, except as expressly set forth herein; (iii) have investigated the facts pertaining to this Stipulation and all matters thereto; and (iv) are entering into this Stipulation voluntarily.

| | |
|---|---|
| Joseph G. Butler, Chapter 7 Trustee of the Estate of Uwagboe O. Oru-Lawrence By his attorney, | Luis Velasquez<br><br>By his attorney, |
| /s/Joseph G. Butler<br>Joseph G. Butler (BBO#544284)<br>Law Office of Joseph G. Butler<br>355 Providence Highway<br>Westwood, MA 02090<br>(781) 636-3638<br>JGB@JGButlerlaw.com | /s/Edward Rice<br>Edward Rice Esq. BBO# 637513<br>45 Pierce Street<br>Malden MA 02148<br>617.475.0909<br>Ed@EdRiceLaw.com |